UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kyle R., | Case No. 22-cv-3003 (WMW/DLM) |
| Plaintiff, | **ORDER** |
| v. | |
| Kilolo Kijakazi, | |
| Defendant. | |

---

This matter is before the Court on the parties' cross-motions for summary judgment. (Dkts. 14, 17.) For the reasons addressed below, the Court grants Plaintiff's motion, denies Defendant's motion and remands this case to the Defendant for further consideration.

## BACKGROUND

Plaintiff Kyle R.[1] filed an application for Supplemental Security Income benefits on July 31, 2018. Admin. Rec. (Dkt. 10) at 107.[2] Plaintiff alleged that he became disabled and unable to work as of January 1, 2015, as a result of lymphoma stage 4, chronic insomnia, anxiety, post-traumatic stress disorder ("PTSD"), depression, fractured chest and fractured spine. *Id.* Plaintiff claimed that his disabling conditions were caused by treatment for stage IV Hodgkin's Lymphoma diagnosed when he was 16 years old and by the serious complications he suffered as a result of that treatment, including endocarditis,

---

[1]  It is the policy of this District to use only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

[2]  Plaintiff's initial application does not appear in the voluminous record. Information regarding his application is taken from the initial decision on that application. Admin Rec. at 106-21.

pulmonary embolism, kidney injury requiring dialysis and spinal and sternum fractures. *See id.* at 112; 462-63. Plaintiff later amended the onset date of his disability to July 31, 2018. *Id.* at 34.

For purposes of Social Security disability benefits, an individual is considered disabled if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets

or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. Admin. Rec. at 146-49, 154-56. In July and August 2021, an Administrative Law Judge ("ALJ") held two hearings on Plaintiff's application. *Id.* at 60-73; 74-105. Plaintiff testified at the second of these hearings and was represented by an attorney at both hearings. *See id.* at 84-91 (Plaintiff's testimony). After the hearings, the ALJ determined that Plaintiff has multiple severe impairments: compression fractures of the thoracic spine, lumbar and thoracic degenerative disc disease, history of sternal fracture, fatigue and other effects of lymphoma and chemotherapy, endocarditis, major depressive disorder, anxiety, panic disorder, post-traumatic stress disorder ("PTSD"), opioid dependence and cannabis use disorder. *Id.* at 37. The ALJ found, however, that none of these impairments, either alone or in combination, meet or medically equals any listed impairments. *Id.* The ALJ determined that Plaintiff has the capacity for sedentary work with physical and mental

3

restrictions, including that he can only occasionally climb, balance, stoop, kneel, crouch and crawl, is limited to simple routine repetitive tasks, and can have only occasional superficial contact with others. *Id.* at 41. Although Plaintiff has no past work history, the ALJ found that there are jobs in the national economy that Plaintiff can perform. *Id.* at 49-50. The ALJ thus concluded that Plaintiff is not disabled. *Id.* at 50. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## ANALYSIS

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff contends that the ALJ erred in his evaluation of psychological and medical opinions in the record, failed to include relevant limitations in the RFC, and failed to address rebuttal evidence he submitted regarding the existence of certain jobs in the

4

national economy, improperly relying on the vocational expert for the conclusion that there were jobs available in sufficient numbers.[3]

## I. Evaluation of Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of the opinions of consulting psychological examiner Tatyana Karpyak, Ph. D., and the opinions of Plaintiff's treating physician, Glenn Butterman, M.D.

In the report she prepared at the Commissioner's behest, Dr. Karpyak noted that, although Plaintiff was neatly dressed and his grooming was "adequate," he "appeared sad and anxious." Admin. R. at 1548. Her examination of Plaintiff's concentration and attention revealed significant difficulties: Plaintiff could not spell "world" backwards, could not complete serial sevens, and was not able to solve half of the simple arithmetic problems she gave him. *Id.* at 1548-49. She noted that "his attention and concentration appeared compromised." *Id.* at 1549. She opined that Plaintiff's memory was "somewhat below average." *Id.* And she concluded that Plaintiff's "emotional state along with the cognitive difficulties is likely to significantly reduce his ability to perform work-related duties with adequate persistence and pace" and that his "ability to tolerate work-related stresses is limited." *Id.* at 1550. It is apparent that Dr. Karpyak believed that Plaintiff is unable to work because of his mental-health and cognitive limitations.

---

[3] Plaintiff also initially argued that his claim should be remanded because the previous Acting Commissioner who appointed the Administrative Law Judge in this matter did not have the legal authority to do so. His reply memorandum recognizes that the Eighth Circuit Court of Appeals recently rejected this argument, *see Dahle v. Kijakazi*, 62 F.4th 424, 429 (8th Cir. 2023), and that decision is binding on this Court. This argument will not be addressed further.

The ALJ found Dr. Karpyak's opinions are "not supported and . . . therefore, not persuasive." *Id.* at 47. In particular, the ALJ concluded that "all findings relating to cognitive function [during Dr. Karpyak's examination] were actually normal." *Id.* This is, as Plaintiff contends, incorrect. Dr. Karpyak's findings note significant impairment of cognitive functioning, namely Plaintiff's inability to solve two of four simple math problems, spell "world" backwards, or complete serial sevens. Dr. Karpyak did not determine that Plaintiff was malingering during the examination, and, as addressed above, she opined that the combination of Plaintiff's mental health issues, including his "cognitive difficulties," would "significantly reduce" Plaintiff's ability to work. *Id.* at 1550. The ALJ's interpretation of Dr. Karpyak's findings are unsupported.

Moreover, the ALJ did not conduct the analysis the regulations require when determining that Dr. Karpyak's opinions were not persuasive. An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). The regulations provide that the ALJ "will explain how he considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ's discussion of Dr. Karpyak's opinions, however, reveals no acknowledgment of Dr. Karpyak's expertise as an agency consulting

6

examiner and the fact that Dr. Karpyak personally tested Plaintiff's cognitive and emotional functioning, nor does the ALJ point to specific evidence in the record that is inconsistent with those opinions. Although the ALJ need not explicitly reconcile every conflicting piece of medical evidence, *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022), the ALJ is required to evaluate medical and psychological opinions in accordance with the regulations. Because the record does not reflect that the ALJ performed the required analysis of Dr. Karpyak's opinions,[4] remand is appropriate on this basis alone.

The ALJ's discussion of the medical source statement from Plaintiff's treating physician, Glenn Buttermann, M.D., is similarly flawed. The ALJ stated that Dr. Buttermann's opinion was unpersuasive because it was on a check-box form. *Id.* at 46. The ALJ did not acknowledge that Dr. Buttermann also included narrative comments supporting his opinions. *See id.* at 2369. As with Dr. Karyak, the ALJ's characterization of Dr. Buttermann's opinions is simply incorrect. Dr. Buttermann did not opine that Plaintiff could perform sedentary work. Rather, Dr. Buttermann opined that Plaintiff could sit less than two hours and stand less than two hours during an eight-hour workday, and that Plaintiff would need 10- to 20-minute breaks every 20 to 30 minutes and Plaintiff would require the ability to lie down as needed. *Id.* at 2369-70. Work at the sedentary

---

[4] Defendant acknowledges that the ALJ did not address the consistency of Dr. Karpyak's opinions but suggests that the Court should glean that analysis from the ALJ's opinion as a whole. (Dkt. 18 at 9.) But the ALJ pointed to no evidence that other mental-health practitioners disagreed with Dr. Karpyak's opinions regarding Plaintiff's cognitive difficulties. Thus, neither the ALJ's specific discussion of Dr. Karpyak's opinions nor the ALJ's opinion as a whole properly addresses the consistency of those opinions.

level does not accommodate these restrictions. *See id.* at 102 (Vocational Expert testimony that lying down during the day would not be allowed).

As with the discussion of Dr. Karpyak's opinions, the ALJ also failed to address whether Dr. Buttermann's opinion regarding Plaintiff's physical capabilities was consistent with the medical evidence in the record. The ALJ found that the testimony of both Plaintiff and his father was not wholly credible with regard to Plaintiff's limitations. But the consistency analysis requires a comparison of the medical opinion with other medical evidence. The ALJ erred by failing to conduct this analysis of Dr. Buttermann's opinion, and remand is warranted on this basis as well.

## II.     RFC and Vocational Evidence

Having determined that remand is required for reconsideration of the medical and psychological evidence, the Court need not address Plaintiff's alternative arguments regarding his RFC and vocational evidence is unnecessary. On remand, however, all vocational evidence must be considered when determining whether Plaintiff retains the ability to perform jobs that exist in substantial numbers in the national economy. A determination of Plaintiff's RFC must be based on the medical evidence in the record to support a conclusion regarding Plaintiff's capacity for work.

## ORDER

The ALJ erred by failing to conduct the required analysis of medical and psychological evidence in the record. Therefore, based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Kilolo Kijakazi's motion for summary judgment, (Dkt. 17), is **DENIED**.

2. Plaintiff Kyle R.'s motion for summary judgment, (Dkt. 14), is **GRANTED**.

3. This matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 14, 2023                             s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge